IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DWIGHT ANTONIO HOWARD**                                                              **PLAINTIFF**

**v.**                                                           **CIVIL ACTION NO. 1:13cv518-MTP**

**CAPTAIN BEVERLY BRELAND, et al.**                                          **DEFENDANTS**

## OPINION AND ORDER

THIS MATTER is before the Court on *pro se* Complaint [1] filed by Plaintiff Dwight Howard and following the *Spears*[1] hearing held in this case on December 3, 2014. After careful consideration of the submissions of the parties and the Plaintiff's testimony at the *Spears* hearing, the Court finds that Plaintiff's Complaint [1] should be denied and dismissed with prejudice as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff is an inmate in the custody of the Mississippi Department of Corrections ("MDOC"), presently incarcerated at the Marshall County Correctional Facility in Holly Springs, Mississippi. He amended and clarified his claims at the *Spears* hearing in this case. The Court conducted this hearing in an attempt to insure the just, speedy and inexpensive determination of this pro se litigation and to determine whether or not the Plaintiff's claims were supported by a factual or legal basis.

Plaintiff initiated this suit against employees at South Mississippi Correction Institution ("SMCI"). Accordingly to Plaintiff's sworn testimony at the hearing, an inmate known to have

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Flores v. Livingston*, 405 Fed. App'x 931, 0932 (5th Cir. 2010) (stating that allegations made at a Spears hearing supercede claims alleged in the complaint).

tuberculosis was allowed to remain in the same building and unit as the Plaintiff for approximately two weeks, exposing Plaintiff and others to possible infection. Once the inmate was taken to the medical unit, Plaintiff alleges the building was locked down, and he and the other inmates were given treatment to prevent the contraction of tuberculosis. Plaintiff names several SMCI officials who he alleges knew about the inmate's condition and nonetheless allowed him to remain in general population.

## LAW AND ANALYSIS

Plaintiff repeatedly affirmed at the *Spears* hearing that he seeks only injunctive relief in the form of a Court order terminating the employment of the defendants from SMCI. For the reasons set forth below, the Plaintiff's complaint will be dismissed.

First, Plaintiff is no longer incarcerated at SMCI. The transfer of a prisoner out of an allegedly offending institution generally renders his claims for declaratory and injunctive relief moot. *See Herman v. Holiday*, 238 F. 3d 660 (5th Cir. 2001). In order for Plaintiff's claims to remain viable, he would have to establish a "demonstrated probability" or a "reasonable expectation" that he would again be incarcerated at SMCI. *See Murphy v. Hunt*, 455 U.S. 478, 482 (1982). Plaintiff has made no allegation or submitted any evidence indicating a reasonable likelihood that he would be returned to SMCI, or, even if he were, that he would be subjected to a similar occurrence.

Second, the injunctive relief requested here is that the defendants be terminated from their employment at SMCI. Ordinarily, courts accord great deference to the internal administrative decisions of prison officials. *Royal v. Clark*, 447 F. 2d 501 (5th Cir. 1971); *Krist v. Smith*, 439 F. 2d 146 (5th Cir. 1971); *Haggerty v. Wainwright*, 427 F.2d 1137 (5th Cir. 1970). The Supreme Court has continuously cautioned federal courts from assuming "a greater role in decisions affecting prison

administration." *Shaw v. Murphy*, 532 U.S. 223, 230 (2001); *Turner v. Safley*, 482 U.S. 78, 84-85 (1987). Furthermore, injunctive relief in the form of an order having prison officials' employment terminated is not available in a prisoner's civil rights action. *See Mitchell v. Natchitoches Parish Sheriff Dept.*, 2014 WL 5796036 (W.D. La. November 6, 2014); *West v. Horn*, 2011WL 2471894 (W.D. La. May 16, 2011); *Tolston v. Creek*, 2010 WL 2195486 (W.D. La. April 28, 2010). Accordingly, Plaintiff's request that the Court fire the defendants should be denied and dismissed.

IT IS, THEREFORE, ORDERED, that Plaintiff's complaint be denied and dismissed with prejudice as frivolous under 29 U.S.C. § 1915(e)(2)(B).

THIS the 15th of December, 2014.

s/ Michael T. Parker
United States Magistrate Judge